**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JINCHENG LIU,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72816<br><br>Agency No. A088-107-046<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Jincheng Liu petitions for review of the Board of Immigration Appeals's

("BIA") order denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition in part, grant in part, and remand for further proceedings.

Substantial evidence supports the immigration judge's ("IJ") determination that Liu's claim regarding China's coercive population control policy was not credible. The BIA affirmed this determination based on Liu's omission from his asylum application of his wife's forced abortion and the threat of sterilization directed at him. Under the REAL ID Act, "any inaccuracies, omissions of detail, or inconsistencies found by the IJ, regardless of whether they go to the 'heart' of a petitioner's claim, may support an adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010) (citation omitted). Liu's omission of facts pivotal to his claim was significant and is sufficient to support an adverse credibility finding. *See, e.g.*, *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010) (upholding adverse credibility finding where petitioners omitted from their asylum application any mention of their participation in a demonstration that was the entire basis for their political asylum claim).

Substantial evidence also supports the agency's determination that Liu did not establish that he was eligible for protection under the Convention Against Torture. *See* 8 C.F.R. § 1208.16(c).

Liu's due process claim is without merit and is not supported by the record.

The agency's finding that Liu did not suffer past persecution because of his religious beliefs is not supported by substantial evidence. The IJ expressly found Liu credible on this claim, but determined that Liu's mistreatment by the police did not rise to the level of persecution. The IJ misread *Guo v. Ashcroft*, 361 F.3d 1194 (9th Cir. 2004). Although the petitioner in that case faced repeated mistreatment by the police, we held that each instance of mistreatment independently rose to the level of past persecution. *Id.* at 1203; *see also Mihalev v. Ashcroft*, 388 F.3d 722, 729 (9th Cir. 2004). Liu's arrest, detention, interrogation, and physical abuse at the hands of the police rose to or surpassed the level of what Guo faced in his first instance of mistreatment. *See Guo*, 361 F.3d at 1203; *see also Quan v. Gonzales*, 428 F.3d 883, 888-89 (9th Cir. 2005). Liu's situation is distinguishable from that of the petitioner in *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), on which both the IJ and BIA relied. Unlike Gu, Liu received medical treatment for the injuries inflicted by the police and lost his job as a result of the incident. *See id.* at 1020-21. In addition, Liu was detained for longer than both Guo (in his first detention) and Gu. *See id.* at 1018; *Guo*, 361 F.3d at 1203.

Because the record compels a conclusion that Liu was subjected to past persecution, we remand this matter to the agency for a determination of whether

3

the government can rebut the presumption that Liu has an objectively well-founded

fear of future persecution.  *See* 8 C.F.R. § 208.13(b)(1).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and**

**REMANDED.**  Each party shall pay its own costs on appeal.

4